1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

11 | CRYSTAL ANN I.,[1]

12                 Plaintiff,

13

14     v.

15 | NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

16

17               Defendant.

Case No. 8:17-cv-02015-DMG-MAA

**ORDER ACCEPTING FINDINGS
AND RECOMMENDATIONS OF
UNITED STATES MAGISTRATE
JUDGE**

18

19       Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, the

20 Motion for Judgment on the Pleadings, the Motion for Summary Judgment, the

21 Certified Administrative Record, and all other records on file, as well as the Report

22 and Recommendation of United States Magistrate Judge ("R&R," ECF No. 24).

23       Plaintiff filed a document entitled "Responce [sic] to the Recommenaditon

24 [sic]" on February 25, 2019. ("Objections," ECF No. 31.) Defendant did not

25

26    [1] Plaintiff's name is partially redacted in accordance with Federal Rule of Civil

27 Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court
Administration and Case Management of the Judicial Conference of the United

28 States.

respond to Plaintiff's Objections. After having made a *de novo* determination of the portions of the Report of Recommendation to which Plaintiff directed her Objections, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. The Court addresses certain arguments raised in the Objections below.

On the whole, as Plaintiff tacitly concedes, the Objections fail to address any specific finding or conclusion in the Report and Recommendation. (*See* Objections at 3 ("We did not go though [sic] every part of the last report because it would be more then [sic] 50 pages long.").)

Plaintiff requests that the Court consider certain signs, symptoms, and records of her impairments as evidence that she is disabled. (*See, e.g.*, Objections at 2 ("I have done shots in my back, neck."); *id.* at 3-7 (alleging facts supporting Plaintiff's claims of post-traumatic stress disorder and back impairments); *id.* at 7 ("I have MRIs, XRays, Reports that prove that I in fact have back, neck, wrist problems."); *id.* at 9-10 (describing Plaintiff's mental limitations, including her limited short-term memory and math skills).) But these factual allegations, untethered to the administrative record, are not within the purview of this Court's review. Pursuant to sentence four of 42 U.S.C. § 405(g), this District Court must review the decision of the Administrative Law Judge ("ALJ") to determine whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. *See* 42 U.S.C. § 405(g) ("The court shall have power to enter, *upon the pleadings and transcript of the record*, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security . . . ." (emphasis added)); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Plaintiff does not connect the factual assertions in her Objections with evidence in the administrative record, nor does she explain why these facts undermine the ALJ's findings. Therefore, Plaintiff's bare factual allegations do not reveal any error in the reasoning of the R&R.

Plaintiff also seeks to discount or strike statements she made regarding her trips to Disneyland that the ALJ considered in the administrative proceedings. (*See* Objections at 3 ("Just because I said I go to Disneyland all the time does <u>not</u> mean all the time.").)  Plaintiff's argument that the ALJ should not have taken her testimony seriously is unavailing, especially given that the ALJ is obliged to consider her statements.  *See* 20 C.F.R. §§ 404.1529(a), 416.929(a) ("In evaluating the intensity and persistence of your symptoms, including pain, we will consider all of the available evidence, including . . . statements about how your symptoms affect you."); *id.* §§ 404.1529(c)(3)(i), 416.929(c)(3)(i) (requiring consideration of daily activities in analysis of how symptoms affect capacity to perform work activities). Substantial evidence supports the ALJ's conclusion that Plaintiff's statements regarding her trips to Disneyland undermined her subjective symptom testimony. (*See* R&R at 14-15.)

Plaintiff summarily asserts that the Court or the ALJ discounted all of Plaintiff's doctors' reports, or otherwise did not take Plaintiff's doctors' reports into consideration properly.  (*See* Objections at 8, 12.)  These general claims exceed the scope of Plaintiff's narrow claim regarding the ALJ's treatment of her medical reports, which focuses exclusively on the ALJ's consideration of medical opinions regarding her alleged mental impairments.  (*See* ECF No. 17, at 5-7.)  This is not the only argument Plaintiff asserts for the first time in her Objections.  (*See, e.g.*, Objections at 8, 12 (contending that the ALJ or the Court discounted *all* reports from Plaintiff's doctors); *id.* at 9 ("The ALJ did not <u>read</u> any of my medecal [sic] history becase [sic] its [sic] a lot and they don't care."); *id.* at 11 (contending that school records, particularly "IEPs," should have been included in the administrative record); *id.* at 12-13 (arguing that Defendant's adverse disability determination constituted age discrimination).)  The Court declines to consider all of these new arguments, which Plaintiff raises here for the first time after the conclusion of briefing on the merits.  *See, e.g.*, *Beckley v. Berrhill*, No. CV 17-4495-GW (JPR),

1   2019 U.S. Dist. LEXIS 22040, at *4, 2019 WL 521580, at *2 (C.D. Cal. Feb. 8,
2   2019) (declining to consider argument raised for the first time in objections to a
3   magistrate judge's report and recommendation); *cf. United States v. Howell*, 231
4   F.3d 615, 621-22 (9th Cir. 2000) (district court may decline to consider new
5   arguments and evidence offered for the first time in objections to a magistrate
6   judge's report and recommendation).

7       Finally, Plaintiff objects that she does not understand the Court's application
8   of the harmlessness doctrine to her case. (*See* Objections at 9.) As the R&R
9   explains, where the Court finds error in the ALJ's decision, reversal is appropriate
10  when the party attacking the disability determination shows that the error was not
11  "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*,
12  674 F.3d 1104, 1115 (9th Cir. 2012); *see also McLeod v. Astrue*, 640 F.3d 881, 887
13  (9th Cir. 2011) (establishing that the burden of showing prejudice rests with party
14  attacking agency determination). With respect to the errors in the ALJ decision
15  identified in the R&R, Plaintiff has not met her burden to show that the errors had
16  any effect on the ALJ's ultimate decision. Plaintiff's Objections do not present
17  reasons why the Court should not find the ALJ's errors harmless.
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

4

Accordingly, IT IS ORDERED:

1.  The Report and Recommendation is accepted;

2.  Plaintiff's Objections are overruled;

3.  Defendant's Motion for Summary Judgment (ECF No. 18) is granted;

4.  Plaintiff's Motion for Judgment on the Pleadings (ECF No. 17) is denied;

5.  Judgment shall be entered in favor of Defendant affirming the decision of the Acting Commissioner and dismissing this action with prejudice; and

6.  The Clerk of Court shall serve this Order and the Judgment on Plaintiff and counsel for Defendant.

DATED: March 29, 2019

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE